UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　v.<br><br>HOANG NGUYEN, aka BAO HOANG LU,<br><br>　　　Defendant.　　　　　／ | NO. CR. 2:99-00433-05 WBS<br>　　CV. 2:12-00654-WBS<br><br><u>MEMORANDUM AND ORDER RE: FIRST AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255</u> |

----oo0oo----

Defendant Bao Lu was convicted and sentenced as an adult in federal district court for crimes committed when he was sixteen years old. The facts and procedural background of the case are well known to the parties and do not bear repeating.

Defendant moves for the court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 due to: (1) alleged violations of his Fifth Amendment right to due process; (2) alleged violation of his Sixth Amendment right due to ineffective assistance of counsel; (3) the court's alleged lack

1

of subject matter jurisdiction due to the government's failure to certify defendant for adult proceedings pursuant to the Juvenile Justice and Delinquency Act ("JDA"), 18 U.S.C. § 5031 et seq.; and (4) alleged violation of his Eighth Amendment right to be free from cruel and unusual punishment due to the court's sentence of life without parole.

I.  Fifth Amendment Claims Involving the Hobbs Act

Under 28 U.S.C. § 2255, a prisoner "in custody under sentence of a court established by Act of Congress" may move the court that imposed his sentence to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

"A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)); see also Massaro v. United States, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.")  "The procedural-default rule is neither statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of

judgments." Massaro, 538 U.S. at 504.

Defendant contends that his Fifth Amendment right to due process was violated when: (1) the jury convicted him of a Hobbs Act robbery conspiracy in the face of a trial record that allegedly demonstrated that no Hobbs Act robbery was planned or committed; (2) the prosecutor allegedly misstated the law concerning the elements of a Hobbs Act violation; and (3) the trial court allegedly failed to instruct the jury on the element of intent. Defendant concedes that these claims were available on appeal but were not raised.[1] (See Def.'s Mot. at 41, 47 n.11 (Docket No. 1567); Def.'s Reply at 7, 16 (Docket No. 1596).) Therefore, these claims are barred absent a showing of cause and prejudice or actual innocence.

The Ninth Circuit has noted that "[c]onstitutionally ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default." Ratigan, 351 F.3d at 964-65. For the reasons discussed in Section II below, defendant has failed to show constitutionally deficient representation of counsel for purposes of establishing cause to excuse his procedural default. He has also failed to show actual innocence.

---

[1] Defendant notes that the Ninth Circuit addressed the trial court's alleged failure to instruct the jury on specific intent, (Def.'s Mot. at 47 n.11), and the Ninth Circuit found that, assuming the Hobbs Act required an instruction on specific intent, any such failure to instruct was harmless, see United States v. Lu, 174 Fed. App'x 390, 395 (9th Cir. 2006). Defendant asserts that he now challenges the trial court's jury instructions not for the lack of a specific intent instruction, but rather for the lack of any intent instruction in relation to the underlying crime of robbery. (Def.'s Mot. at 47 n.11.)
    The court assumes, for the sake of argument, that defendant is correct in his contention that the Ninth Circuit did not address this issue in its opinion.

3

"'Actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. (internal quotation marks and citation omitted). "[T]he mere fact of an improper instruction is not sufficient to meet the test for actual innocence." See Stephens v. Herrera, 464 F.3d 895, 899 (9th Cir. 2006) ("[T]he mere fact of an improper instruction is not sufficient to meet the test for actual innocence.").

Here, defendant fails to satisfy his burden of showing actual innocence. Thus, because defendant failed to raise his Fifth Amendment claims on appeal and no exception has been established, defendant has procedurally defaulted and cannot now raise those claims in his § 2255 motion. Accordingly, to the extent defendant's motion based is upon these claims, it will be denied.

II. <u>Sixth Amendment Claims for Ineffective Assistance of Counsel</u>

While the procedural default rule is designed to "conserve judicial resources" and to "respect the law's important interest in the finality of judgments," the Supreme Court has held that "requiring a criminal defendant to bring ineffective-assistance-of-counsel claims on direct appeal does not promote these objectives." Massaro, 538 U.S. at 504. Accordingly, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not petitioner

could have raised the claim on direct appeal." Id.

"Under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a defendant claiming ineffective assistance of counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." Id. at 505. Under the first prong, a defendant must show that a counsel's representation falls "below an objective standard of reasonableness" as measured by "prevailing professional norms." Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's performance falls within the wide range of professional assistance." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). "A reasonable tactical choice based on adequate inquiry is immune from attack under Strickland." Gerlaugh v. Stewart, 129 F.3d 1027, 1033 (9th Cir. 1997).

As for the second prong, "Strickland asks whether it is 'reasonably likely' the result would have been different." Harrington v. Richter, 131 S. Ct. 770, 792 (2011) (quoting Strickland, 466 U.S. at 696). "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between Strickland's prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" Id. (quoting Strickland, 466 at 693, 697). "The likelihood of a different result must be substantial, not just conceivable." Id. (citing Strickland, 466 at 693) (emphasis added).

A. Representation by Bigelow

Defendant asserts that his Sixth Amendment right was

violated when Michael Bigelow, defendant's attorney during the trial and appeal, failed to argue defendant's Fifth Amendment claims on appeal.

"There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 753 (1983). "A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." Id. (citation omitted). The Supreme Court has declined to impose a standard that would require appellate counsel "to raise every 'colorable' claim suggested by a client," as it would "disserve the very goal of vigorous and effective advocacy." Id. at 754; see also Smith v. Murray, 477 U.S. 527, 536 (1986) ("[The] process of winnowing out weaker arguments . . . is the hallmark of effective appellate advocacy.") (quotation marks and citation omitted)); King v. McDaniel, 357 Fed. App'x 856, 860 (9th Cir. 2009) ("Appellate counsel is not required to raise every non-frivolous issue on appeal.").

Defendant concedes that Bigelow raised and argued at least nine issues on appeal, including claims that the trial court erred by constructively amending the indictment with respect to the Hobbs Act robbery charge and improperly admitting evidence of other crimes. (Def.'s Mot. at 3-4.) Defendant has not shown that Bigelow's decision not to raise the Fifth Amendment arguments presented in this § 2255 motion was anything but "selecting the most promising issues for review." Jones, 463 U.S. at 753. Thus, Bigelow's decision not to pursue these claims

6

on appeal falls within the "wide range of professionally competent assistance" required under the Sixth Amendment. Strickland, 466 U.S. at 690.

B. Representation by Peters

Defendant also argues that Robert Peters,[2] defendant's pre-trial counsel, was constitutionally deficient in his representation by failing to bring defendant's true age to the court's attention before defendant's twenty-first birthday.

Section 5032 of the JDA provides that, in relevant part, "[a] juvenile . . . shall not be proceeded against in any Court of the United States unless the Attorney General certifies to the appropriate district court of the United States that . . . the offense charged is a crime of violence that is a felony . . . and that there is a substantial Federal interest in the case or offense to warrant the exercise of Federal jurisdiction." 18 U.S.C. § 5032. "[A]n information alleging acts of delinquency occurring prior to the accused's 18th birthday but filed after his or her 21st year is too late to establish JDA jurisdiction." United States v. Araiza-Valdez, 713 F.2d 430, 433 (9th Cir. 1980).

Once the Attorney General certifies a juvenile for proceedings in the district court, the JDA "provides two alternative routes to adult criminal prosecution of a minor: mandatory and discretionary." United States v. M.C.E., 232 F.3d 1252, 1255 (9th Cir. 2000). "The statute requires transfer if

---

[2] It should be noted that Mr. Peters is now deceased. Any evidentiary hearing which might require his testimony would therefore be unfruitful.

7

'(1) the act charged was committed after the juvenile's sixteenth birthday, (2) the act would have been a felony involving the use of violence if committed by an adult, and (3) the juvenile had previously been found guilty of such an offense.'" Id. (quoting United States v. David H., 29 F.3d 489, 490 (9th Cir. 1994) (per curiam)).

Discretionary transfer is available against "[a] juvenile who is 15 years or older who is alleged to have committed an act which, if committed by an adult, would be a felony that is a crime of violence . . . if the district court determines that it would be 'in the interest of justice' to do so." United States v. Brandon P., 387 F.3d 969, 976 (9th Cir. 2004); see 18 U.S.C. §5032.[3] When proceeding under discretionary transfer,

> [t]he decision to transfer a juvenile to adult status is within the sound discretion of the district judge, as long as the district judge considers and makes specific findings as to the following six factors: (1) the juvenile's age and social background; (2) the nature of the alleged offense; (3) the prior record of the offender; (4) the juvenile's intellectual development and psychological maturity; (5) the nature of and response to past treatment; and (6) the availability of programs designed to treat the juvenile's problems.

United States v. Gerald N., 900 F.2d 189, 191 (9th Cir. 1990) (internal quotation marks and citations omitted); see 18 U.S.C. § 5032 (listing the factors).

Defendant originally provided officers with a false name--Hoang Nguyen--and a false birth year of 1974, which would

---

[3] The age requirement is lowered to thirteen years old if the juvenile possessed a firearm during the alleged offense. See 18 U.S.C. § 5032.

8

have made him over twenty-one at the time the crime was committed. Therefore, defendant was initially indicted as an adult. During the pretrial proceedings, a concern over defendant's age was raised, and Peters indicated that he would investigate the issue. Peters filed a motion informing the court of defendant's true age, which placed him at sixteen when the crime was committed, on June 28, 2000, defendant's twenty-first birthday. (Docket No. 39.) The motion sought to terminate federal jurisdiction for failure to comply with the JDA. After hearing arguments on how to proceed, the court permitted the government to dismiss the indictment against defendant under his false name without prejudice. (Docket No. 70.) The government then brought a new indictment against defendant as an adult and under his true name.

Defendant argues that Peters knew of defendant's true age before defendant's twenty-first birthday and unreasonably failed to notify the court in a timely manner, which led to defendant being charged as an adult rather than as a juvenile under the JDA. In support of his motion, defendant submits affidavits from defendant and defendant's mother attesting to the fact that Peters was informed of defendant's true age and identity as early as November 1999, and received supporting documentation by March 26, 2000. (Def.'s Mot. Exs. E, F.) Peters and the investigator working with him are now deceased.

Even assuming that all information in the affidavits is true, under Strickland's first prong, it would not have been unreasonable for Peters as a tactical matter to delay notification in order to force the court into making a difficult

decision that could be challenged later, namely, whether to proceed under a new indictment because defendant was now twenty-one years old or delay the proceedings to comply with the JDA's certification process. That issue is, in fact, the very issue petitioner attempts to argue in the § 2255 motion currently before the court. Understanding that the government would likely certify defendant for trial as an adult if he brought the information to the court's attention immediately, an issue further discussed below, such a tactical choice would have been entirely reasonable under the circumstances.

Thus, considering the "strong presumption that counsel's performance falls within the wide range of professional assistance," Kimmelman, 477 U.S. at 381, Peters' delay in reporting defendant's true age until defendant's twenty-first birthday did not fall below "an objective standard of reasonableness" under "prevailing professional norms", Strickland, 466 U.S. at 687-88.

As for the second Strickland prong, even assuming that Peters' delay in reporting defendant's true age was not reasonable, if Peters had immediately brought petitioner's age to the court's attention before petitioner's twenty-first birthday, considering the nature of the crime and the fact that defendant had already been tried as an adult in state court, (Def.'s Mot. Ex. H), it is quite likely that the Attorney General would have certified petitioner as an adult. In fact, the government's attorney at the resentencing hearing confirmed that, had

petitioner been initially subject to a juvenile delinquency[4] under the JDA, "[t]he Court would be asked to certify him as an adult." (Resentencing Tr. at 32:22-23.)

At the same resentencing hearing, the court speculated that, had the government requested certification, "it would be quite possible, if not probable, that [petitioner] would have been charged as an adult anyway and that we would be here today with the same guidelines [and] with the same issues with regard to sentencing." (Id. 41:25-42:3.) Indeed, once certified by the Attorney General, petitioner would likely have been subject to prosecution as an adult under the JDA's "mandatory transfer" provision since his crimes were committed after his sixteenth birthday, the crimes involved the use of violence, and petitioner had previously been convicted of the violent crimes of conspiracy to kidnap, conspiracy to commit robbery, and voluntary manslaughter in state court. Furthermore, should the mandatory transfer provision not apply, it is still likely that the court, after considering the statutory factors of 18 U.S.C. § 5032, would have found that certifying defendant for trial as an adult served the interests of justice. Thus, even if Peters had notified the court of defendant's age before defendant's twenty-first birthday, it is not "reasonably likely" that a different outcome would have resulted. Strickland, 466 U.S. at 696

Accordingly, defendant's § 2255 claims based upon ineffective assistance of counsel in violation of the Sixth

---

[4] "[J]uvenile delinquency is the violation of a law of the United States committed prior to his eighteenth birthday which would have been a crime if committed by an adult . . . ." 18 U.S.C. § 5031.

11

Amendment will be denied.

III. <u>Lack of Jurisdiction and Eighth Amendment Claim for Cruel and Unusual Punishment</u>

When a federal petitioner's claim was raised on direct appeal, thus avoiding procedural default, the claim may still be barred from relitigation under the law of the case doctrine. See <u>United States v. Jingles</u>, 702 F.3d 494, 499 (9th Cir. 2012) <u>cert. denied</u>, 133 S. Ct. 1650 (2013) ("Because Jingles presented his claim on direct appeal, the issue is not barred here by procedural default. However, the fact that Jingles already litigated this issue requires us to determine whether he is barred from litigating it under the law of the case doctrine."). "Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or the higher court, in the same case." <u>United States v. Smith</u>, 389 F.3d 944, 948 (9th Cir. 2004) (internal quotation marks and citation omitted). The doctrine "is a judicial invention designed to aid in the efficient operation of court affairs . . . not an inexorable command." <u>Smith</u>, 389 F.3d at 948-49 (internal quotations omitted). "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." <u>Jingles</u>, 702 F.3d at 499-500 (internal quotation marks and citations omitted).

"The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a [§] 2255 motion." <u>Odom v. United States</u>, 455 F.2d 159, 160 (9th Cir. 1972); <u>see also</u> <u>United States v.</u>

Scrivner, 189 F.3d 825, 828 (9th Cir. 1999) ("In this case, Scrivner's Fifth Amendment claim was presented to [the Ninth Circuit] on direct appeal in Scrivner I and rejected on the merits. That decision is binding on our resolution of the case."); United States v. Redd, 759 F.2d 699, 700-01 (9th Cir. 1985) ("Redd raised this precise claim in his direct appeal, and this court expressly rejected it. Therefore, the claim cannot be the basis of a § 2255 motion."); United States v. Ortiz-Villalobos, Cr. No. 02-0213 MCE CMK, 2007 WL 2727131, at *3 (E.D. Cal. Sept. 17, 2007), report and recommendation adopted, 2007 WL 4260933 ("Because the Court of Appeals has already concluded that the evidence was sufficient to support movant's conspiracy objections, the sufficiency of the evidence cannot be re-litigated in the context of a § 2255 motion."); United States v. Matlock, Cr. No. 92-0315 GEB PANP, 2006 WL 306902, at *2 (Feb. 8, 2006), report and recommendation adopted, 2006 WL 902275 ("Absent exceptional circumstances, a matter decided adversely on direct appeal from a conviction cannot be relitigated on a section 2255 motion.").

A. Lack of Subject Matter Jurisdiction

Defendant argues that the trial court did not have subject matter jurisdiction to try petitioner because it erred when it permitted the government to indict petitioner as an adult without the Attorney General's certification. (See Def.'s Mot. at 20-21). The Ninth Circuit's decision in this case, United States v. Lu, 174 Fed App'x 390 (9th Cir. 2006), however, explicitly rejected defendant's argument that "the government should not be able to circumvent the JDA" by dismissing the

indictment against defendant without prejudice and allowing the government to file a new indictment absent certification. Lu, 174 Fed. App'x at 397. Affirming defendant's conviction as an adult, the Ninth Circuit held that "[t]he district court . . . properly dismissed the original indictment" against defendant and went on to explain that "[w]hen the government then filed a new indictment under Bao Lu's true name, he was over twenty-one and ineligible for proceedings under the JDA." Id. (citing Araiza-Valdez, 713 F.2d at 433). The Ninth Circuit, therefore, has already decided that the Attorney General's certification was not needed to proceed against defendant as an adult.

Thus, since the Ninth Circuit addressed defendant's argument on appeal and the court finds no reason to depart from the general rule that "when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a [§] 2255 motion," Odom, 455 F.2d at 160, defendant's claim based upon lack of subject matter jurisdiction will be denied.

B.  Eighth Amendment Claims for Cruel and Unusual Punishment

Defendant has already appealed his current sentence of life without parole as violating the Eighth Amendment, and the Ninth Circuit affirmed the sentence. United States v. Bao Lu, 414 Fed. App'x 972, 973 (9th Cir. 2011). Defendant now argues that Miller v. Alabama, 567 U.S. ----, 132 S. Ct. 2455 (2012), a case decided after he was sentenced, constitutes an intervening change in the law such that the court should choose not to apply the law of the case doctrine. See United States v. Van Alstyne, 584 F.3d 803, 812 (2009) (noting that "'[a] court may depart from the law

of the case if . . . an intervening change in the law has occurred'" (quoting Scrivner, 189 F.3d at 827)).

In Miller, the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders." Miller, 132 S. Ct. at 2469 (emphasis added). The Court explained that "[m]andatory life without parole for a juvenile precludes consideration" of a host of issues, including the defendant's "chronological age and its hallmark features," his "family and home environment," the "circumstances of the underlying homicide offense," the fact that the offender "might have been charged and convicted of a lesser offense if not for incompetencies associated with youth," and "the possibility of rehabilitation." Id. at 2468 (emphasis added). "At the least, a sentencer should look at such facts before depriving a [juvenile] of any prospect of release from prison." Id. at 2469.

Even assuming, without deciding, that the court may apply Miller to the present case,[5] defendant was not sentenced to life without parole pursuant to a mandatory sentencing scheme which prohibited the court from taking into account the issues identified by the Court. Rather, the court could--and did--take

---

[5] The court notes that, of the two appellate courts to have considered whether Miller may be applied retroactively on collateral review under Teague v. Lane, 489 U.S. 288 (1989), both have declined to apply Miller. See In re Morgan, --- F.3d ----, 2013 WL 1499498, at *2 (11th Cir. 2013) ("[T]he decision in Miller has not been made retroactive on collateral review."); Craig v. Cain, No. 12-30035, 2013 WL 69128, at *2 (5th Cir. Jan. 4, 2013) (""Miller does not satisfy the test for retroactivity . . . ."); see also Reina-Rodriguez v. United States, 655 F.3d 1182, 1187-90 (9th Cir. 2011) (discussing Teague in the context of a § 2255 motion).

15

the various issues suggested by the Miller decision into account when sentencing defendant, as evidenced by the court's candid acknowledgment that it "struggled with the fact that Mr. Lu was 16 years old at the time of the crime." (Re-Sentencing Tr. at 41:20-21; see also id. at 31:15-22; 36:21-23.) The Ninth Circuit, in reviewing defendant's sentence, confirmed that the court "'properly understood the full scope of [its] discretion' following United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)." Bao Lu, 414 Fed. App'x at 973 (quoting United States v. Combs, 470 F.3d 1294, 1297 (9th Cir. 2006)).

Thus, even if the court could apply Miller to this case, defendant's sentence does not violate the Eighth Amendment, and defendant's claim based upon such violation will accordingly be denied.[6]

IT IS THEREFORE ORDERED that defendant's motion to set aside, vacate, or correct his sentence under 28 U.S.C. § 2255 be, and the same hereby is, DENIED.

DATED: May 16, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[6] Defendant requests an evidentiary hearing on his motion. (Def.'s Mot. 1-2.) "Pursuant to 28 U.S.C. § 2255, a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Turner v. Calderon, 281 F.3d 851, 890 (9th Cir. 2002). As noted above, even if the court accepts all of defendant's allegations as true, defendant is entitled to no relief. The court, therefore, declines to hold an evidentiary hearing.